IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ANTONIO KILPATRICK HEARD,

    Defendant.

CRIMINAL CASE NO.

1:13-cr-40-JEC-GGB

### ORDER AND OPINION

This case is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [29] recommending denying defendant's Motions to Suppress In-Court Identification [24, 27] and denying as moot[1] defendant's Motion to Suppress Warrantless Search of Automobile [23] and Motion to Suppress Statements [25]. On April 17, 2013, defendant filed Objections [32] to that part of the R&R denying the motion to suppress in-court identification, and requested a hearing.

In his Amended Motion to Suppress In-Court Identification, the defendant described the facts, as he understood them to be, and noted that confidential sources had informed law enforcement officers that

---

    [1] The R&R notes that Government counsel indicated at the pretrial conference that she would not use any evidence obtained from a search or from defendant's post-arrest statements.

a "Tony" had a number of firearms that he was willing to sell. As a result of the cell number provided for this "Tony," ATF and police officers believed that defendant could be this "Tony." They ultimately sent in an undercover ATF agent, who met with "Tony" in the evening at a McDonald's parking lot and purchased six firearms for $2,200. Based on defense counsel's review of an audio recording, the latter supposed that the encounter lasted around six minutes. (Def.'s Am. Mot. to Suppress [27] at 1-2.)

In this motion, defendant further averred that, after the encounter between "Tony" and the undercover ATF agent, the latter was shown a single photo of the defendant and apparently identified the defendant as "Tony." Defendant argues that use of a single photo in a line-up is a suggestive identification procedure that could create a substantial risk of misidentification at trial. (*Id.* at 3-4.) Further, defendant argued that, without a hearing, there is no information about important details of the encounter that might bolster or undermine the reliability of the identification. (*Id.* at 4-5.)

In denying the motion to suppress and the request for a hearing, the magistrate judge's R&R indicates that:

> [T]here is no reason to believe that the identification testimony of Agent Arrugueta will be unreliable. Agent Arrugueta is a trained law enforcement officer who was in close proximity to Tony for approximately six minutes; the agent's attention was focused on Tony; and the

2

identification was made shortly after the encounter.[1]

---

[1] The record does not specify the date of Agent Arrugueta's identification, but I assume that it was made prior to Defendant's arrest on January 8, 2013. (Doc. 1)

(R&R [29] at 3.) The magistrate judge concluded that "[s]hort of 'a very substantial likelihood of irreparable misidentification,' any evidence suggesting an incorrect identification is for the jury to weigh." (*Id*. at 3-4.) For that reason, the R&R recommended denial of the motion to suppress.

In his Objections [32], defendant argues that there are many factors that remain unknown as to the encounter between the undercover agent and Tony and that a hearing is necessary to ensure that the suggestive identification procedure did not taint the agent's identification of the defendant.

The Court assumes that the magistrate judge's conclusions will be borne out by an evidentiary hearing and will be greatly surprised should the recommendation of denial of defendant's motion change after such a hearing.  All of the magistrate judge's observations make great sense.  Moreover, given the diminishing resources under which the judicial system has begun to operate, hearings should be requested, and held, only when necessary.

That said, the state of the record could be more complete. The Government never filed a response opposing the motion, but apparently

was satisfied to simply make observations at the pretrial conference suggesting that the Government did not think much of defendant's motion. (Def.'s Am. Mot. to Suppress [27] at 4.) The Government was, however, concerned enough about the reliability of the informant's identification of defendant, based on a single photograph, that it has declined to ask that informant to identify the defendant at trial. (*Id.* at 2, n.2.) While the pleadings in the case contain numerous assumptions about the encounter, the Government has filed no affidavits firming up the exact details of the meeting between the agent and Tony. Had the Government believed there was no need for a hearing, it should have made a better effort to support that position.

In short, prudence suggests that a hearing should be held to establish the relevant facts, as opposed to awaiting a possible discovery during trial, after a jury has been empaneled, that there is a problem with the reliability of the agent's identification. Accordingly, the Court remands this motion back to the magistrate judge to conduct an evidentiary hearing on defendant's motion to suppress in-court identification. The Court accepts that part of the R&R **DENYING as moot** defendant's Motion to Suppress Warrantless Search of Automobile [23] and Motion to Suppress Statements [25].

4

SO ORDERED this 29th day of MAY, 2013.

```
                              /s/ Julie E. Carnes
                              JULIE E. CARNES
                              CHIEF UNITED STATES DISTRICT JUDGE
```

AO 72A
(Rev.8/82)