# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTONIO KILPATRICK HEARD, BOP Reg. No. 64308-019,      Movant, | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | CRIMINAL ACTION NO. 1:13-cr-0040-TWT-JKL-1 |
| UNITED STATES OF AMERICA,      Respondent. | CIVIL ACTION NO. 1:19-cv-3487-TWT-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Antonio Kilpatrick Heard, a federal prisoner currently confined in the Federal Correctional Institution in Talladega, Alabama, has filed a counseled amended 28 U.S.C. § 2255 motion to vacate challenging his guilty plea convictions and sentences in Case No. 1:13-cr-0040-TWT-JKL-1. (Doc. 162.)  The matter is before the Court on the amended § 2255 motion and government's response.  Also before the Court is Movant's *pro se* motion to appoint counsel.  (Civ. Doc. 15.)[1]  For the reasons stated below, the Clerk of Court is **DIRECTED** to **TERMINATE** the motion to appoint counsel in Case No. 1:19-cv-3487-TWT-JKL, and file it in

---

[1] Unless otherwise specified, record citations in this Report and Recommendation refer to docket entries in Movant's criminal case.  Citations to documents filed in the associated civil case as will be referred to as "Civ. Doc."

Case No. 1:13-cr-0040-TWT-JKL-1 as a motion for appointment of counsel in Movant's 18 U.S.C. § 3582(c)(1)(A)(i) compassionate release proceedings. Additionally, **IT IS RECOMMENDED** that the 28 U.S.C. § 2255 motion be **DENIED** and no certificate of appealability issue.

## I.     PROCEDURAL HISTORY

In February 2013, a federal grand jury indicted Movant in Case No. 1:13-cr-0040-TWT for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) ("Count 1"), and receipt of stolen firearms, in violation of §§ 922(j) and 924(a)(2) ("Count 2"). (Doc. 11 at 1-3.) Ultimately, Movant entered an open guilty plea to both counts in the indictment. (*See* Doc. 103.) The District Court sentenced Movant to an aggregate of 84 months' imprisonment. (Doc. 107 at 2.)

Both Movant and the government appealed, and the Eleventh Circuit noted that a prior Georgia Burglary Conviction under O.C.G.A. § 16-7-1 could sometimes qualify as a predicate under the Armed Career Criminal Act ("ACCA"), depending on certain facts. *United States v. Heard*, 677 F. App'x 636, 636-37 (11th Cir. 2017) (per curiam). Consequently, the Eleventh Circuit vacated Movant's sentences and remanded to the District Court with instructions to determine

whether Movant's four prior Georgia burglary convictions were for generic burglary such that the ACCA would apply. (*Id.*)

At resentencing, the District Court found that Movant was subject to the ACCA enhancement and sentenced him to a total of 180 months imprisonment. (Doc. 141 at 2.) Movant appealed, and the Eleventh Circuit affirmed his convictions and sentences. *United States v. Heard*, 747 F. App'x 783, 786 (11th Cir. 2018) (*per curiam*).

Movant subsequently filed a *pro se* 28 U.S.C. § 2255 motion to vacate in which he indicated that he wished to bring a claim based *Rehaif v. United States*, 139 S.Ct. 2191 (2019) and requested appointment of counsel. (Doc. 158.) This Court granted the motion and appointed counsel to represent Petitioner in his § 2255 proceedings. (Doc. 159.) The instant counseled amended § 2255 motion followed. (Doc. 162.)

## II. MOTION TO APPOINT COUNSEL

Movant has filed a motion to appoint counsel in the civil case number associated with his § 2255 motion. (*See* Civ. Doc. 15.) In his motion, Movant states that he seeks appointment of counsel to represent him on appeal from the denial of his "Covid relief motion." (*Id.* at 1.) As a result, it is clear that this motion

concerns his 18 U.S.C. § 3582(c)(1)(A)(i) proceedings and has been misfiled in his § 2255 civil action. (*See* Docs. 176, 187.)

Accordingly, the Clerk of Court is **DIRECTED** to **TERMINATE** the motion [15] in Case No. 1:19-cv-3487-TWT-JKL, and file it in Case No. 1:13-cr-0040-TWT-JKL-1 as a motion for appointment of counsel in Movant's § 3582 proceedings.

### III.   28 U.S.C. § 2255 MOTION

In his amended § 2255 motion, Movant argues in Claim 1 that his guilty plea to the felon-in-possession offense in Count 1 is invalid, unknowing, and involuntary in light of the Supreme Court's decision in *Rehaif*. (Doc. 162 at 4.) Specifically, Movant argues that his plea was unknowing and involuntary because he was not informed that it is an element of the § 922(g) offense that he must know of his prohibited status. (*Id.* at 5.) Movant acknowledges that he did not raise this claim on direct appeal but argues that the procedural default may be excused because the claim is "novel" so as to constitute cause for failing to raise it previously. (*Id.* at 6-7.) Movant emphasizes that, prior to *Rehaif*, no court of appeals had required the government to establish a defendant's knowledge of his status in felon-in-possession prosecutions. (*Id.* at 7.) Movant contends that he has

shown prejudice because the claim is meritorious and argues by assertion that "[h]e would not have pleaded guilty had he been properly advised." (*Id.* at 5-6.)

In Claim 2, Movant further argues that his guilty plea must be vacated because the District Court's plea colloquy failed to satisfy the requirements of Fed. R. Crim. P. 11, namely, by failing to advise Movant that the government was required to prove that he knew of his prohibited status at the time he possessed the firearm. (*Id.* at 7-8.) Movant again argues by assertion that he "would not have pleaded guilty had he been properly advised." (*Id.* at 8.)

The government responds [2] that *Rehaif* error is nonjurisdictional and Movant's voluntary guilty plea waived any *Rehaif* error in the indictment. (Doc. 166 at 4-8.) The government further argues that Movant's *Rehaif* claims are procedurally defaulted and that he has not shown cause and prejudice to overcome the default. (*Id.* at 8-10.) Specifically, the government asserts that the claims were available, albeit foreclosed by circuit precedent, which does not satisfy the novelty exception for cause, and that Movant cannot show prejudice because the evidence that he knew of his prohibited status was overwhelming. (*Id.* at 10-16.) Finally,

---

[2] The government's motion [164] for an extension of time to file a response is **GRANTED**, *nunc pro tunc*.

the government argues that, in light of the evidence that Movant knew of his prohibited status, any *Rehaif* error was harmless.  (*Id.* at 18-19.)

Under 18 U.S.C. § 922(g), "[i]t shall be unlawful for any person … who has been convicted in any court[] of a crime punishable by imprisonment for a term exceeding one year … [to] possess in or affecting commerce[] any firearm or ammunition[.]" 18 U.S.C. § 922(g)(1).  In *Rehaif*, the Supreme Court held that in a felon-in-possession prosecution "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. Prior to this decision, the government was not required "to satisfy a *mens rea* requirement with respect to the status element of § 922." *United States v. Rehaif*, 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd and remanded*, 139 S. Ct. 2191.  The Eleventh Circuit has determined the Supreme Court's *Rehaif* decision clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2) but did not announce a new rule of constitutional law.  *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). The Eleventh Circuit also recognized the Supreme Court did not make the case retroactively applicable to cases on collateral review.  *Id.*

As an initial matter, Movant's Claims 1 and 2 are procedurally defaulted because he failed to raise them on direct appeal. A movant seeking collateral relief must clear "a significantly higher hurdle than would exist on direct appeal." *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use a § 2255 motion as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

Procedural default may be excused if the movant establishes one of two exceptions: (1) cause for the default and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, covering "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055-56 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "Cause" requires a showing of some external impediment that

prevented a claim from previously being raised. *See Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). "[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citations omitted); *see also United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) ("[A] claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel.") (citations omitted); *Lynn*, 365 F.3d at 1235 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all.").

To demonstrate prejudice, a movant "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Frady*, 456 U.S. at 170. As to the exception for actual innocence, "[t]he miscarriage of justice exception … applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the

8

petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013) (emphasis added). Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citation omitted).

Movant argues that he has established cause for his failure to previously raise his instant challenges to the validity of his guilty plea because the claims are "novel," and, prior to *Rehaif*, no court of appeals had held that the government had to prove a defendant's knowledge of his prohibited status in a felon-in-possession prosecution. (Doc. 162 at 6-7); *see also Bousley*, 523 U.S. at 622 ("[A] claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default.") (internal quotation marks and citation omitted). However, as explained above, that a claim was previously unacceptable to a court does not satisfy the cause requirement. *Bousley*, 523 U.S. at 623. The argument that a conviction on a felon-in-possession charge required the government to allege and prove that the defendant knew he was a felon was not novel in this Circuit. *See, e.g.*, *United States v. Jackson*, 120 F.3d 1226 (11th Cir. 1997) (rejecting the argument that a conviction on a felon in possession charge required that a defendant know that he had been convicted of a felony). Consequently, the building blocks for the claims were available. *Bane*, 948 F.3d at 1297. Because the *mens rea*

claims were available to Movant at the time of his two direct appeals, he has not shown cause to excuse the procedural defaults. *See Lynn*, 365 F.3d at 1235.

Similarly, Movant cannot show actual prejudice. As the government observes, Movant does not expressly assert that he did not know he was a felon at the time he possessed the firearm, and the record clearly demonstrates that Movant knew he was a felon at the time of the offense and of his guilty plea. Movant had at least 11 prior felony convictions, including a prior state conviction for possession of a firearm by a convicted felon. (PSR [149] ¶¶ 37-47.) Movant was sentenced to terms of imprisonment greater than one year on at least nine occasions and actually served a term of imprisonment in excess of one year on at least three occasions. (*See id.*) Movant did not object to the statements in the presentence investigation report relating to his prior convictions at sentencing, and he therefore admitted them. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a [PSR] admits those facts for sentencing purposes."). On this record, Movant cannot demonstrate that he did not know that he was a convicted felon at the relevant times, or that he was otherwise actually prejudiced by the *Rehaif* error. *See, e.g.*, *United States v. Griswold*, 815 F. App'x 379, 383 (11th Cir. 2020) (*per curiam*) (affirming

guilty plea conviction and holding that *Rehaif* error did not affect defendant's substantial rights where the record was clear he knew he was a convicted felon during the plea colloquy); *see also Rehaif,* 139 S. Ct. at 2198 ("[W]e doubt that the obligation to prove a defendant's knowledge of his status will be ... burdensome" because "knowledge can be inferred from circumstantial evidence") (internal quotation marks omitted).

Finally, Movant does not present any new, reliable evidence of his factual innocence of the offenses of conviction. *See McQuiggin*, 569 U.S. at 394-95; *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Accordingly, Movant's Claims 1 and 2 are procedurally defaulted and cannot serve as the basis for § 2255 relief.

In any event, even if Movant's claims were properly before this Court, Movant has not shown that his guilty plea was unknowing or involuntary. Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings prior to the entry of the plea. *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011). The Eleventh Circuit has held that failure to include the additional *Rehaif* mens rea element of a § 922(g) felon-in-possession charge is a nonjurisdictional defect in an indictment. *United States v. Moore*, 954 F.3d 1322,

11

1334-35 (11th Cir. 2020). Thus, a defendant who enters a guilty plea can attack only "the voluntary and knowing nature of the plea." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). In order for a plea to be knowing and voluntary, the court accepting the plea must comply with Fed. R. Crim. P. 11, and, in particular, address three "core concerns" by ensuring that: (1) the guilty plea is voluntary and free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his plea. *United States v. Bell*, 776 F.2d 965, 968 (11th Cir. 1985). In addition, "a defendant who seeks reversal of his conviction after a guilty plea ... must show a reasonable probability that, but for the [Rule 11] error, he would not have entered the plea." *United States v. Moriarty*, 429 F.3d 1012, 1020 (11th Cir. 2005) (*per curiam*) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Here, the District Court conducted a lengthy and thorough plea colloquy. (*See* Doc. 123.) Movant testified that he was pleading guilty of his own volition, that he was pleading guilty because he was in fact guilty, and described the conduct to which he was pleading guilty on Count 1 in his own words as "felon in possession." (*Id.* at 7-8, 10-11, 19.) Apart from the contested *Rehaif* element, no party contends that Movant's plea was involuntary or that the plea colloquy

otherwise failed to satisfy the requirements of Rule 11. (*See generally* Doc. 162, Doc. 166.) Movant cites no authority finding a guilty plea invalid because of the failure to address the additional element under *Rehaif* before it was decided. *See United States v. Finley*, 805 F. App'x 823, 828-29 (11th Cir. 2020) (per curiam) (rejecting *Rehaif* challenge to voluntariness of guilty plea and explaining "we have held that voluntary and intelligent guilty pleas are not rendered involuntary or unintelligent by subsequent judicial decisions but are enforceable unless a provision in the plea agreement states otherwise."). Additionally, as discussed above, the circumstantial evidence from which it may be inferred that Movant knew of his felon status was overwhelming, and movant does not even attempt to carry his burden of showing that he would not have pled guilty if the District Court had advised him of the *mens rea* requirement as to the status element of § 922(g). *See Moriarty*, 429 F.3d at 1020.

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists would not debate the resolution of the issues presented, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. *See id.* If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

V.  **CONCLUSION**

For the reasons stated above, the Clerk of Court is **DIRECTED** to **TERMINATE** the motion [15] in Case No. 1:19-cv-3487-TWT-JKL, and file it in

Case No. 1:13-cr-0040-TWT-JKL-1 as a motion for appointment of counsel in Movant's § 3582 proceedings.

**IT IS RECOMMENDED** that the 28 U.S.C. § 2255 motion be **DENIED** and that a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 26th day of August, 2021.

_____
JOHN K. LARKINS III
United States Magistrate Judge