IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTONIO KILPATRICK HEARD,<br><br>Defendant. | CRIMINAL FILE NO.<br>1:13-CR-40-TWT |

**ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 188] of the Magistrate Judge recommending denying the Defendant's Motion to Vacate Sentence [Doc. 162]. The Defendant's Objections to the Report and Recommendation are without merit. The Report and Recommendation correctly held that Heard procedurally defaulted his meritless *Rehaif* claims by failing to raise them at trial or on direct appeal. To overcome this default, Heard needed to establish cause and prejudice. Though Heard argues that his *Rehaif* claim is sufficiently novel to avoid procedural default, the Eleventh Circuit has held otherwise. *See United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) ("*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default."). And "courts throughout the Eleventh Circuit have held that

petitioners who did not challenge their § 922(g) indictments during their pre-*Rehaif* direct appeals failed to establish cause for procedural default based on the novelty exception." *Brown v. United States*, No. 4:18-CR-19-CDL-MSH, 2021 WL 2546466, at *6 (M.D. Ga. Apr. 5, 2021), *report and recommendation adopted*, No. 4:18-CR-19 (CDL), 2021 WL 2544407 (M.D. Ga. June 21, 2021) (collecting cases).

Moreover, even if *Rehaif* was sufficiently novel to establish cause, Heard cannot show actual prejudice. The government's obligation to prove knowledge is not "burdensome," and it may be inferred from circumstantial evidence. *Rehaif v. U.S.*, 139 S. Ct. 2191, 2198 (2019). At the time he possessed the firearms that gave rise to this case, Heard had at least 10 prior felony convictions, including four convictions for burglary, two convictions for attempted burglary, and one conviction for possession of a firearm by a convicted felon. Heard did not dispute that on multiple occasions, he was sentenced to — and actually served — imprisonment for terms well in excess of one year. The evidence of this has not—and cannot—be disputed. To the contrary, it has been admitted. *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). Though Heard objects to the Report and Recommendation's reliance on evidence from the PSR, the Supreme Court explicitly endorsed this practice even on plain error review, let alone the

heightened standard to overcome procedural default in a collateral attack. *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) ("[W]hen an appellate court conducts plain-error review of a *Rehaif* instructional error, the court can examine relevant and reliable information from the entire record—including information contained in a pre-sentence report."). Heard claims an evidentiary hearing should have been granted, but has nowhere indicated, even in his objections to the Report and Recommendation, what possible evidence he could introduce to rebut his 10 previous felony convictions, including a conviction for being a felon in possession of a firearm, and his multiple imprisonments for terms well in excess of one year. Likewise, Heard identifies no evidence to show he would not have pleaded guilty if apprised of the knowledge-of-status element, offering only his own assertion to that possibility. That mere assertion is insufficient to meet Heard's burden of establishing a "reasonable probability" he would have gone to trial. *See, e.g., Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993) ("He presented no evidence to demonstrate that ... he would not have been convicted had he gone to trial.... Thus, he was not prejudiced by his guilty plea."). Heard's request for a certificate of appealability should be denied. The Eleventh Circuit has repeatedly rejected claims identical to Heard's, even when brought under the less burdensome plain error standard. The Court approves and adopts the Report and Recommendation as the

judgment of the Court. The Defendant's Motion to Vacate Sentence [Doc. 162] is DENIED. No Certificate of Appealability will be issued.

SO ORDERED, this 16 day of September, 2021.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge